# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
      )
    v.       )      ID No.     0906021444
      )
ANEL HUBBARD,       )
      )
    Defendant.       )

## **ORDER**

On this 29th day of April 2024, upon consideration of Defendant Anel Hubbard's ("Defendant") *pro se* Application for Certification of a Question of Law made pursuant to Superior Court Rule of Civil Procedure 75 and Supreme Court Rule 41 (the "Application"),[1] *pro se* Motion to Amend the Application for Certification of a Question of Law (the "Motion"),[2] and the record in this case, the Court finds that:

---

[1] D.I. 166. Defendant titled his *pro se* Application as "Motion To Stay Reconsideration of The Court's December 12, 2023 Order Denying Motion For Correction of Sentence In Lieu of Request For Certification of Interlocutory Appeal To The Supreme Court Under Supr. Ct. Rule 41 and 42 To Answer Important Question of Law." As this unwieldy title indicates, Defendant's procedural requests with regard to his Application and Motion are ambiguous. Though Defendant's Application and Motion make references to the potential for certification of an interlocutory appeal in this case, the Delaware Supreme Court does not hear interlocutory appeals in criminal cases. *Johnson v. State*, 2013 WL 3004063, at *1 (Del. Super. May 20, 2013) ("The Supreme Court may not hear an interlocutory appeal in a criminal case."). Accordingly, the Court interprets Defendant's Application to constitute an application to certify a question of law to the Delaware Supreme Court.

[2] D.I. 167. Defendant titled his *pro se* Motion as "Motion To Amend Request For Stay And Certification Of An Interlocutory Appeal." The Court interprets Defendant's Motion to constitute a motion to amend his Application.

1. The factual and procedural history that precedes the instant Application and Motion was described in the Court's December 2023 Opinion as follows:

> On December 16, 1998, when Defendant was sixteen years old, he pled guilty to Robbery in the First Degree. On the same day, December 16, 1998, the Court sentenced him to fifteen years of Level V supervision, suspended after three years for one year and six months of Level IV supervision, followed by one year of Level III supervision.
>
> Over the following decade, Defendant repeatedly committed offenses, for which the Court convicted and sentenced him. On September 17, 2003, Defendant was convicted of Escape in the Second Degree. On February 7, 2005, Defendant was again convicted of Escape in the Second Degree. On October 26, 2007, Defendant was convicted of Possession of a Controlled Substance Within 1000 Feet of a School.
>
> On January 28, 2010, a Superior Court jury found Defendant guilty of Attempted Murder in the First Degree, five counts of Possession of a Firearm During the Commission of a Felony, Reckless Endangering in the First Degree, and Conspiracy in the Second Degree. The Court declared Defendant to be a habitual offender based on his 1998, 2003, 2005, 2007, and 2010 convictions and sentenced him to twelve life terms of Level V supervision without the possibility of probation or parole. On May 5, 2011, the Delaware Supreme Court affirmed the judgment of the Superior Court.
>
> Over the following thirteen years, Delaware courts dismissed Defendant's first and second motions for postconviction relief and his first, second, and third motions for correction of an illegal sentence.[3]

2. On August 24, 2023, Defendant filed a motion for correction of an illegal sentence and a motion for transcripts with this Court. On December 12, 2023, the Court denied both motions.[4]

---

[3] *State v. Hubbard*, 2023 WL 8599796, at *1 (Del. Super. Dec. 12, 2023) (citations omitted).
[4] *Id.* at *2.

3. On January 2, 2024, Defendant filed the instant Application, in which he asks the Court to certify the following question of law to the Delaware Supreme Court: "Does Miller v. Alabama apply to [a] predicated prior juvenile conviction used to sentence [an] adult offender to life in prison as a habitual offender under 11 Del. C. § 4214?"[5]

4. On January 5, 2024, Defendant filed the instant Motion, in which he requests that the Court allow him to amend the Application to reflect that Defendant has "determined in good faith that his application or motion for certification for interlocutory [appeal] meets all the criteria set forth in Sections (b)(i), (ii) & (iii) of Rule 42."[6]

5. In the Motion, Defendant asks the Court for leave to supplement his Application to add a statement that Defendant has determined in good faith that the Application satisfies Supreme Court Rule 42(b)(i)-(iii). This statement is superfluous for purposes of the Application, neither advancing nor detracting from Defendant's argument. The requirements of Rule 42 apply to an application for certification of an interlocutory appeal. The Court has interpreted Defendant's

---

[5] D.I. 166. Defendant dated the Application for December 16, 2023. He mailed the Application to this Court on December 29, 2023. The Superior Court Prothonotary received the Application on January 2, 2024. The Prothonotary transmitted the Motion to Chambers on January 12, 2024. *Id.*

[6] D.I. 167. Defendant dated the Motion for January 2, 2024. He mailed the Motion to this Court on January 3, 2024. The Superior Court Prothonotary received the Motion on January 5, 2024. The Prothonotary transmitted the Motion to this Court on January 17, 2024. *Id.*

procedurally ambiguous *pro se* Application as an application for certification of a question of law, in part because the Delaware Supreme Court does not hear interlocutory appeals in criminal cases.[7] Defendant's Application would gain or lose nothing from being supplemented with the statement from the Motion. Notwithstanding, in the interest of justice,[8] the Court grants Defendant's Motion and considers the Application as amended to include Defendant's statement on Rule 42(b).

6. Superior Court Civil Rule 75 governs the procedure by which the Superior Court may certify a question of law to the Supreme Court. A petition for certification must "set forth therein facts and issues at such length and with such clarity as to enable to Superior Court to make a finding necessary to warrant a certification under the terms and conditions of Supreme Court Rule 41."[9] The Supreme Court only accepts certification when there are "important and urgent reasons for an immediate determination by [the Supreme Court] of the questions certified."[10] Rule 41 provides a non-exhaustive list of the circumstances in which a question of law may be

---

[7] *See supra* note 1.

[8] *See Dickens v. Costello*, 2004 WL 396377, at *1 (Del. Super. Feb. 23, 2004) ("This Court has consistently granted more leniency to a *pro se* litigant in articulating his legal arguments in support of his grounds for relief.").

[9] Super. Ct. Civ. R. 75; Supr. Ct. R. 41(a) ("Other Delaware courts may, on motion or sua sponte, certify to this Court for decision a question or questions of law arising in any case before it prior to the entry of final judgment if there is an important and urgent reason for an immediate determination of such question or questions by this Court and the certifying court has not decided the question or questions of law in the case.").

[10] *State v. Anderson*, 2024 WL 1253846, at *2 (Del. Super. Mar. 25, 2024) (citing Supr. Ct. R. 41).

certified: (1) original questions of law; (2) conflicting decisions on a question of law; and (3) unsettled questions of law.[11]

7. Defendant's Application fails to present an original, a conflicting or an unsettled question of law that would warrant certification to the Supreme Court. In the Application, Defendant asks the Court to certify a question of law as to whether *Miller v. Alabama*[12] applies when an adult offender was sentenced to life in prison as a habitual offender pursuant to 11 *Del. C.* § 4214, based, in part, on a predicate offense that occurred when that offender was a juvenile.[13] The Court has previously ruled on this question of law in Defendant's case. On December 12, 2023, this Court held in this same case that:

> Defendant's life sentences do not violate *Miller*. The Court did not sentence him to mandatory life without parole for crimes committed when he was under the age of eighteen. Defendant's 2010 sentences were imposed on him as an adult, and his designation as a habitual offender based on his prior convictions was proper.[14]

8. Further, the Court's analysis therein builds upon existing Delaware case law on the issue. For instance, in *Vickers v. State*, the Delaware Supreme Court considered *Miller v. Alabama* in deciding whether the Superior Court had erred as a matter of law by sentencing a criminal defendant as a habitual offender "because the

---

[11] *Id.*

[12] 567 U.S. 460 (2012) (prohibiting mandatory life sentences without parole for juvenile offenders).

[13] D.I. 166.

[14] *State v. Hubbard*, 2023 WL 8599796, at *2 (Del. Super. Dec. 12, 2023).

5

first of his three predicate felony convictions occurred when he was a juvenile."[15] The Supreme Court found that the defendant "was sentenced as an adult for crimes committed as an adult much later in life. The sentencing leniency required by the Supreme Court for criminal conduct in a juvenile's formative years has no application to an adult being sentenced as an adult."[16] Ultimately, the Supreme Court affirmed the Superior Court's sentencing of the defendant as a habitual offender pursuant to 11 *Del. C.* § 4214 and held that "the Superior Court correctly considered [the defendant's] prior youthful offenses under the habitual criminal statute as he continued his illegal activity into adulthood."[17] In cases like *Vickers*, Delaware courts have addressed the question of law that Defendant raises in his Application.[18] Therefore, the question of law is not original, reliant upon conflicting decisions, or unsettled and thus, does not warrant certification to the Supreme Court.

9. For the foregoing reasons, Defendant's Motion to Amend the Application for Certification of a Question of Law is **GRANTED.** Considered as amended, Defendant's Application for Certification of a Question of Law fails to raise a

---

[15] 117 A.3d 516, 516, 519 (Del. 2015).
[16] *Id.* at 520.
[17] *Id.* at 520-21.
[18] *See State v. Shah*, 2017 WL 5075368, at *1 (Del. Super. Oct. 31, 2017) (holding that *Miller* does not apply to those who were over eighteen years old at the time of the offense); *Flonnory v. State*, 2017 WL 3634216, at *1 (Del. Aug. 23, 2017) (stating that *Miller* does not apply to a sentence imposed on a non-minor).

question of law that warrants consideration by the Delaware Supreme Court.  Hence,

Defendant's amended Application is **DENIED.**

    **IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge
